United States Court of Appeals
Fifth Circuit

**F I L E D**

July 25, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 05-51363
Summary Calendar

---

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

LASARO SANTOYO-GARCIA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
(2:05-CR-59-ALL)
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

   Defendant-Appellant Lasaro Santoyo-Garcia pleaded guilty to a single-count indictment charging illegal reentry into the United States after deportation in violation of 8 U.S.C. § 1326.  He was sentenced to 41 months of imprisonment and three years of supervised release.  He now appeals his sentence, which was imposed after the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), asserting that it was unreasonable, because it was greater than necessary to meet the goals of 18 U.S.C. § 3553(a).

---

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The record shows that the district court fulfilled its duty to consider all of the § 3553 factors and that the court sentenced Santoyo-Garcia to 41 months of imprisonment, the lowest end of the sentencing guidelines range. See United States v. Mares, 402 F.3d 511, 519 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). This sentence is within the properly calculated advisory guidelines range and is presumptively reasonable. United States v. Alonzo, 435 F.3d 551, 554-55 (5th Cir. 2006). There is no indication that the sentence imposed was unreasonable. See Mares, 402 F.3d at 519.

Santoyo-Garcia also asserts that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Santoyo-Garcia's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Santoyo-Garcia contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments because Almendarez-Torres remains binding Supreme Court precedent. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Santoyo-Garcia properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, raising it here only to preserve it for further review.

AFFIRMED.